### Ex Parte John W. Ryan.

No. 1143. Decided March 29, 1911.

**1.—Contempt—Right of Appeal—Chief of Police.**

Where respondent, chief of police of a city, was cited before the Court of Criminal Appeals to show cause why he should not be fined for contempt for ignoring a defendant's right of appeal from the District Court to the Court of Criminal Appeals upon conviction, by working him on the streets pending such appeal, and the testimony disclosed that while respondent was technically guilty of contempt, that he acted in good faith and promptly disclaimed any contempt, he was discharged.

**2.—Same—Right of Appeal—Jurisdiction—Inferior Tribunal.**

In any case where notice of appeal has been given in the trial court and the case appealed to the Court of Criminal Appeals, the transcript must be made out and sent to this court, and no inferior tribunal has a right to decide the question as to when the jurisdiction of this court does attach, even though

the proceedings are so deficient that this court would dismiss because of want of jurisdiction, and any disobedience pending said appeal will be treated as contempt of court.

From Dallas County.

Original contempt proceedings to fine respondent for disobedience of notice of appeal from the District Court to the Court of Criminal Appeals.

The opinion states the case.

*James J. Collins* and *Lee Richardson,* attorneys for respondent.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Walter Thomas appealed from a judgment of the Criminal District Court of Dallas County dismissing his application for writ of habeas corpus.

He was fined for contempt of court by the Judge of the City Court of Dallas and placed in the hands of the chief of police. He applied to the judge of the Criminal District Court for a writ of habeas corpus, which was granted, and set down for hearing. When the case was called, motion was made by counsel for the city and the State to dismiss the writ for various reasons. This was in the nature of a demurrer, which was sustained, and the case was dismissed, and the relator remanded to the custody of the chief of police and notice of appeal given.

Pending the appeal he was placed in charge of the chief of police, who put him to work upon the streets. When the case reached this court the appeal was dismissed for want of jurisdiction, upon the proposition that the demurrer to the writ of habeas corpus and its dismissal in the court below did not authorize an appeal. That was tantamount in law to the refusal of the writ in the original instance, and nonappealable. The case against relator Thomas was therefore dismissed by this court because this court had no jurisdiction of his appeal. This perhaps is a sufficient statement in regard to the nature of the case out of which the contempt proceeding grew as against John W. Ryan, chief of police.

The attention of this court was called, in the proper way, to the fact that the chief of police was working Thomas upon the streets pending his appeal, asking that the chief of police be cited to appear before this court and show cause why he should not be held in contempt. Process was issued requiring the said chief of police to appear and answer why he should not be placed in contempt of this court. Being served with notice, the chief of police filed an answer at length reciting briefly that Thomas had been placed in contempt of court by the said court, had been turned over to him as chief of police to work out the fine, and that he proceeded to work him upon the streets; whereupon Thomas sued out a writ of habeas corpus before the

Judge of the Criminal District Court which was, upon hearing, dismissed, and that he again proceeded to work Thomas upon the streets of Dallas. Notice of appeal was given by Thomas, but the chief of police says he was not aware that the notice of appeal had been given until the matter was called to his attention by Mr. Baskett, attorney for Thomas. That he then applied to the Hon. J. J. Collins, city attorney of Dallas, for advice in the matter, and he advised him that legally he had the authority to continue to work Thomas on the streets. That later, having investigated the subject further, he, Collins, came to the conclusion that his advice to the chief of police was incorrect, but about the time that he had reached that conclusion, and before he could so inform the chief of police, process from this court was served upon Ryan, the chief of police. Ryan further answers that he did not intend to place himself in contempt of court, but believed that he was acting under authority of law and within his power as chief of police under the circumstances, and especially inasmuch as he did not know notice of appeal had been given, and ascertaining that fact he continued to work Thomas upon the streets under the advice of the authorized attorney for the city, and that, therefore, he did not intend to place himself in contempt of this court, and was not aware of the fact that he had done anything which would legally place him in contempt. This is a sufficient statement, perhaps, of the matters involved, without going further into detail.

It may be stated, as legally correct, that Thomas did not have the right to appeal from a dismissal of the writ of habeas corpus, and that the jurisdiction of this court did not attach, but this court has held, wherever the question has been before it, that in any case where the notice of appeal has been entered in the trial court and appealed to this court, that the transcript will be made out and sent to this court, and even though the proceedings are so deficient that this court would dismiss because its jurisdiction had not legally attached, still no inferior tribunal would have the right to decide the question as to when the jurisdiction of this court does attach. This court alone will determine that matter, and whenever notice of appeal has been given to this court, that inferior tribunal and its officers will be governed by that until this court has decided the matters involved in the appeal and the question that its jurisdiction did not attach. In other words, this court alone will decide the question, after notice of appeal, whether its jurisdiction has attached or not, and any disobedience of that matter will be treated as the subject of contempt. While the chief of police, strictly speaking, might be held in contempt of this court, especially after the fact that notice of appeal had been given had been brought to his attention, yet, in the light of the statement made by him that he intended no contempt, and was acting, as he thought, legally, first, without notice that appeal had been taken, and second, after ascertaining that fact, under the advice of the city's legal adviser, that he had a right to work the party, and the further fact that

he did not intend to violate any jurisdiction of this court or place himself in any way within contempt of this court, we are of opinion he has presented himself in such manner to the court that we should hold that under the circumstances he should not be punished. Such contempt as might be imputed to him legally seems to have been more on account of ignorance, in part, and good faith, in part, as to what he did and what he refrained from doing, and his good faith in the matter and his prompt denial, it occurs to us, suggest themselves as reasons why he should not be punished.

It is therefore ordered that relator be discharged from custody under the showing made in his reply to the citation from this court.

*Relator discharged.*